UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Edita M.S.C., | Civil No. 26-650 (DWF/DJF) |
| Petitioner, | |
| v. | |
| Kristi Noem, *Secretary, U.S. Department of Homeland Security; Department of Homeland Security, in her official capacity*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement; Immigration and Customs Enforcement, in his official capacity*; David Easterwood, *Field Office Director of Enforcement and Removal Operations, Minneapolis - St. Paul Field Office, Immigration and Customs Enforcement, in his official capacity*; Mary De Anda Ybarra, *Field Office Director of Enforcement and Removal Operations, El Paso Field Office, Immigration and Customs Enforcement, in her official capacity*; and Warden of El Paso Camp East Montana Detention Center, *custodian of detainees at the El Paso Camp East Montana Detention Center, in their official capacity*, | MEMORANDUM OPINION AND ORDER |
| Respondents. | |

**INTRODUCTION**

This matter is before the Court on Petitioner Edita M.S.C.'s petition for a writ of habeas corpus (the "Petition"). (Doc. No. 1.) Respondents filed a response seeking

dismissal. (Doc. No. 5.) For the reasons set forth below, the Court denies the motion to dismiss and grants the Petition.

## BACKGROUND

Petitioner is a citizen of Honduras and has lived in Minnesota since June 2021. (Doc. No. 1 ¶¶ 1, 3, 24.) Upon her arrival in the United States, Petitioner was issued a Notice to Appear, then released from custody under 8 U.S.C. § 1226(a). (*Id.* ¶ 24; Doc. Nos. 1-2, 1-3.) She applied for asylum in 2023. (*Id.* ¶¶ 2, 25.) An immigration judge denied her application in July 2024. (*Id.* ¶ 26.) Petitioner timely appealed that determination and the appeal is pending. (*Id.*) Petitioner was arrested on January 7, 2026, while on her way home from work. (*Id.* ¶ 27.) She was originally detained in Minnesota, then transferred to El Paso, Texas, and then transferred again back to Minnesota. (*Id.* ¶ 28; Doc. No. 5 at 1.)

Petitioner filed the Petition on January 26, 2026. (Doc. No. 1.) Petitioner asserts that her detention violates the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act. (*Id.* ¶¶ 50-63.) She asks the Court to order her release, or alternatively, order the immigration court to hold a bond hearing. (*Id.* at 18-19.) Respondents filed a response asking the Court to dismiss for lack of jurisdiction, and alternatively, asserting authority to detain Petitioner under 8 U.S.C. § 1225(b)(2)(A). (Doc. No. 5.)

## DISCUSSION

**I.     Motion to Dismiss**

As a threshold matter, Respondents challenge the Court's jurisdiction over this case. (Doc. No. 5.) Generally, jurisdiction over a habeas petition lies only in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Respondents argue that even though this District is the district of confinement, the Court should dismiss the Petition because Petitioner was not in this District at the time of filing. (Doc. No. 5 at 2-5.) Respondents assert that after dismissal, Petitioner could then file a new petition in this District. (*Id.* at 2.) Respondents do not cite any binding authority that mandates this process. (*See id.* at 3-4.)

The Court denies Respondents' motion. Minnesota is the district of confinement, so the Court has jurisdiction. Moreover, following their suggestion would be a waste of judicial resources. Respondents have had the opportunity to respond and have also submitted an alternative argument on the basis for Petitioner's detention. There is no reason to delay determination on the Petition.

**II.    Merits of the Petition**

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). That authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020). The burden is on the petitioner to prove illegal detention by a

preponderance of the evidence. *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and point the Court to their arguments in a pending Eighth Circuit case: *Avila v. Bondi*, No. 25-3248. (Doc. No. 5 at 5-6.) As this Court has explained on multiple occasions, Respondents' interpretation of § 1225 contradicts the plain language of the statute. *See Jose L.M.S. v. Bondi*, No. 26-cv-474, 2026 WL 185066, at *2 (D. Minn. Jan. 25, 2026); *Omar E.F.G. v. Bondi*, No. 26-cv-451, 2026 WL 184571, at *2 (D. Minn. Jan. 23, 2026); *Victor S.M. v. Noem*, No. 26-cv-400, 2026 WL 161445, at *2 (D. Minn. Jan. 21, 2026). Section 1225 applies to "applicants for admission"—noncitizens who are either "present in the United States who ha[ve] not been admitted or who arrive[] in the United States." 8 U.S.C. § 1225(a)(1). Section 1226 applies where § 1225 is inapplicable and provides immigration judges with the discretion to grant release on bond to noncitizens subject to removal proceedings. *See id.* § 1226(a).

Here, Petitioner is not an arriving noncitizen because she has been in the United States for five years, has a pending asylum application, and was previously released on bond under § 1226(a). *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (noting that § 1226(a) applies to "certain aliens already in the country"). Petitioner is therefore subject to the discretionary bond provisions of § 1226(a), not the mandatory bond provisions of § 1225(b)(2).

Having found that Petitioner is being detained unlawfully, the question becomes the correct remedy. A detainee being held pursuant to § 1226(a) must have been served

an arrest warrant prior to detention. 8 U.S.C. § 1226(a); *see also Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases). There is no evidence that Respondents had a warrant to arrest Petitioner. And after being given the opportunity to explain the true cause of Petitioner's detention and provide documents of such (*see* Doc. No. 3), Respondents did not do so, (*see* Doc. No. 5). The Court therefore concludes that Petitioner was arrested without a warrant. The remedy for a warrantless arrest is immediate release. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation omitted)). Further, Petitioner was already released on bond under § 1226(a). Respondents do not cite any authority that allows this determination to be revisited years later. This is an independent basis for release.

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

2. The Court **DECLARES** that Petitioner's current detention is unlawful under the Constitution and laws of the United States.

3. Respondents are **ORDERED** to release Petitioner from custody immediately.

4. Within three (3) days of the date of this Order, the Government shall provide the Court with a status update confirming Petitioner's release.

5.      Respondents are directed to release Petitioner: (1) in Minnesota; (2) with all personal documents and belongings, such as her driver's license, passport, other immigration documents, and cell phone; (3) without conditions such as ankle monitors or tracking devices; and (4) with all clothing and outerwear she was wearing at the time of detention, or other proper winter attire.  In addition, Respondents shall provide reasonable advance notice to counsel to arrange for a safe release of Petitioner or otherwise provide notice immediately after release.

6.      Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

7.      Respondents' motion to dismiss (Doc. No. [5]) is **DENIED**.

8.      Within thirty (30) days of final judgment in this action, Petitioner may move to recover attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 30, 2026               s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       United States District Judge